UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:06-cr-0008 LJM/KPF |
| ) | |
| AUDRA GRAY, ) | |
| ) | |
| Defendant. ) | |

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney Judge, on January 25, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 4, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held in this matter on January 26, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Josh Minkler, Assistant United States Attorney; the defendant appeared in person with her appointed counsel, William Dazey, Office of the Indiana Federal Community Defender; and Diane Asher, U.S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

1. That William Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Ms. Gray in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Gray and her counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Ms. Gray was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. That Ms. Gray would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Ms. Gray had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Gray had violated the alleged condition or conditions of supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on January 25, 2012.

7. Mr. Dazey stated that Audra E. Gray would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Gray orally waived the preliminary examination and she was held to answer.

8. Ms. Gray, by counsel, stipulated that she committed specifications of violations numbered 1, but did not stipulate as to specifications of violations numbered 2, 3, 4 and 5 set forth in the Petition for Warrant or Summons for an Offender Under Supervision.

9. Upon that admission, the government agreed to dismiss specifications of violations numbered, 2, 3,4 and 5, and the Court granted the same. The Court finds there is a basis in fact for her admission and accepts the same.

10. The violation admitted to in the Petition is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | The offender was charged in Jefferson County, Indiana with drug possession within 1,000 feet of a family housing complex and maintaining a common nuisance. |
| | She pled guilty to the felony offense of maintaining a common nuisance, in the Jefferson County, Indiana Circuit Court. That charge is a felony offense in the State of Indiana. |

The Court placed Ms. Gray under oath and directly inquired of her whether she admitted specification of violation of her supervised release set forth above. Ms. Gray stated that she admitted the above violation as set forth. The Court now finds there is a basis in fact for her admission and accepts same.

Counsel for the parties further stipulated to the following:

1) Ms. Gray has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Gray constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Gray is 4-10 months.

4) The parties did not agree as to the appropriate disposition for Ms. Gray's violation of the condition of supervised release.

11. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the evidence and/or arguments of the defendant and her counsel, and the government, now finds that Ms. Gray violated the specified condition of supervised release as set forth above in the Petition to Revoke her supervised release.

Ms. Gray's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of five months. Upon release from confinement, Ms. Gray will not be subject to supervised release.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Gray stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Gray entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Ms. Gray's supervised release and imposing a sentence of imprisonment of five months in the custody of the Attorney General. Upon Ms. Gray's release from confinement, she will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 27th day of January, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Josh Minkler,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal